AARON & PATERNOSTER, LTD.
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
2300 W. Sahara Ave., Suite 650
Las Vegas, NV 89102
PH: (702) 384-4111
FX: (702) 384-8222
email: bk@aaronpaternoster.com
Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:  ) Chapter 13 Proceedings
 ) Case No: 09-26870-BAM
**JAMES D. THOMAS,**  )
 )
 )
 )
Debtor(s).  ) DATE: 11/19/2009
 ) TIME: 2:30 p.m.

### MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF WELLS FARGO BANK PURSUANT TO 11 U.S.C. §506(a) AND §1322.

COMES NOW, Debtor JAMES D. THOMAS ("Debtor"), by and through his attorney, MATTHEW AARON, of the law firm of AARON & PATERNOSTER LTD., and hereby move this Court to modify the rights of WELLS FARGO BANK, N.A. ("WELLS FARGO") pursuant to 11 U.S.C.§506(a), and §1322, and Bankruptcy Rules 3012 and 9014. This Motion is based on the following Memorandum of Points and Authorities, the attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

Debtor filed the instant Chapter 13, Case Number 09-26870-BAM, on or about September 9, 2009. On or about the petition date, Debtor owned real property located at or about 1011 Sidehill Way, Las Vegas, Nevada 89110 ("Property"). The value of the Property is approximately $222,354.00.[1] At the time Debtor filed his Petition, and currently, the first mortgage held by HSBC BANK for WELLS FARGO ASSET SECURITIES CORP, ("HSBC") is in the approximate amount

---

[1] *See* copy of estimate from Cyberhomes.com attached hereto as Exhibit A.

of $414,778.49[2]. The second mortgage, held by WELLS FARGO BANK, N.A. ("WELLS FARGO") is in the approximate amount of $78,422.86[3]. On or about the date Debtor filed the instant bankruptcy, no equity existed in the Property above the lien held by HSBC for its first mortgage. WELLS FARGO'S second mortgage claim was wholly unsecured on the petition date and if the Property was sold at auction, WELLS FARGO would receive nothing for said second mortgage claim.

## II.

## **LEGAL ARGUMENT**

A wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2).[4] The 9th Circuit reviewed and discussed *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993) regarding claims "secured" by real property, and the subsequent majority and minority interpretation and application thereof.[5] Based on its thorough analysis, the 9th Circuit found the majority interpretation and application of *Nobleman* to 11 U.S.C. §506 and §1322 compelling and held:

> Section 506(a) divides creditors' claims into 'secured . . . claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the creditor has a security interest in the debtor's property, § 506 (a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is a term of art and not every claim that is secured by a lien on property will be considered a 'secured claim.'[6]

Here, WELLS FARGO HOME MORTGAGE' second mortgage claim for the repayment is an unsecured claim because its deed of trust is junior to the first deed of trust, and the value of

---

[2]*See* Proof of Claim form B10 (Claim 2-1) attached hereto as Exhibit B.

[3]*See* Proof of Claim form B10 (Claim 3-1) attached hereto as Exhibit C.

[4] *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002).

[5] *Id.*

[6] *Id.* at 1222-23.

the loan secured by the first deed of trust is greater than the value of the Property. Because WELLS FARGO'S second mortgage claim is wholly unsecured (no equity exceeding the first mortgage on the Property exists), Debtor respectfully requests this Court classify WELLS FARGO'S second mortgage claim to that of a general unsecured creditor to be paid pro rata with like unsecured creditors. Additionally, Debtor requests this Court strip WELLS FARGO of its secured rights, if any, for its second mortgage claim under State law because no maintainable security interest in the Property exists as to the second mortgage. Furthermore, an adversary proceeding is not required to obtain the relief requested herein. Debtor needs only request the relief sought herein by motion to "strip off" WELLS FARGO'S consensual second mortgage/secured credit line lien.[7]

## III.

## CONCLUSION

WHEREFORE, based on the foregoing, Debtor respectfully requests this Court: 1) "strip off" and extinguish WELLS FARGO'S wholly unsecured second mortgage lien pursuant to 11 U.S.C. §506(a) upon completion of Debtor's Chapter13 Plan payments; 2) Reclassify WELLS FARGO'S second mortgage claim as a general unsecured claim to be paid pro rata with claims of other general unsecured creditors through Debtor's Chapter 13 plan; and 3) other relief the Court deems just, equitable and/or appropriate.

Dated this 19th day of October, 2009.

By: /s/ MATTHEW AARON
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
Attorney for Debtor(s)

---

[7] See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R.693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R.641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R.90 (Bank.D.Idahp2003), *Dickey v. Ben.Fin (In re Dickey)*, 293 B.R.360 (Bank.M.D.Pa.2003), *In re Hill*, 304 B.R.800 (Bankr.S.D.Ohio2003), *In re Sadala*, 294 B.R.180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (BankrW.D.N.Y.2003), *In re Robert*, 313 B.R.843 (Bankr.W.D.Ky.2004).

**EXHIBIT "A"**

# cyberhomes
*Find the right neighborhood. Find the right home.*

Home

## 1011 Sidehill Way, Las Vegas, NV 89110



Estimate:
**$222,354**
Change over last month:
**−$14,794**

Estimate range: $200,118 - $255,707
Last Updated: 9/23/2009

### Home facts

| | |
|---|---|
| Bedrooms: | 3 |
| Bathrooms: | 3 |
| LivingArea: | 2,444 Sq ft |
| Lot Size: | 20,473 Sq ft |
| Type: | Single Family |
| Parcel Number: | 140-26-310-035 |
| County: | Clark |
| Year Built: | 1981 |
| Total Rooms: | 7 |
| Heating: | Forced air unit |
| Cooling: | Central |
| Number of Stories: | 1 |
| Legal Description: | PLAT BOOK 16 PAGE 74 LOT 43 BLOCK 1 |

**Estimated Home Value**

■ This House



### Sales History

| Sale Date | Sale Amount | Price per Living Area |
|---|---|---|
| 1/18/2005 | $430,000 | $175.94 |
| 5/14/2001 | $216,000 | $88.38 |

### Assessed Values

| Year | Improvements | Land | Total |
|---|---|---|---|
| 2008 | $48,826 | $21,000 | $69,826 |
| 2007 | $46,852 | $78,750 | $125,602 |
| 2006 | $47,084 | $55,300 | $102,384 |

View this property at: http://www.cyberhomes.com/homes-lasvegas-nv-89110/1011sidehillway/25474572.aspx (Report created on: 10/1/2009)

Copyright © 2009 LPS Real Estate Group.
Cyberhomes and Cyberhomes.com are trademarks of FNRES Holdings, Inc. All Rights Reserved.

None of the Cyberhomes™ valuations provided via this site are an appraisal report of the market value of the subject property prepared by a licensed professional appraiser. The valuation has been generated by use of proprietary computer software which assembles publicly available property records and certain proprietary data to arrive at an approximate estimate of home valuation. The Cyberhomes valuations have not been prepared, evaluated or reviewed by a licensed professional appraiser.

**EXHIBIT "B"**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEVADA | | PROOF OF CLAIM 13 |
|---|---|---|
| Name of Debtor<br>James D. Thomas | Case Number<br>09-24014-11AM | (This space for court use) |

NOTE: This form should NOT be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Section 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br><br>HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA3<br><br>Name & address where notices and payments should be sent:<br>Wells Fargo Bank, N.A. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |

Account or other number by which creditor identifies debtor: 0159644053 / 09-7534

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- X Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (FILL OUT BELOW)
Your Social Security # ___-__-____
Unpaid compensation for services performed from
(date) _____ To _____ (date)

**2. Date debt was incurred:** April 9, 2007

**3. If court judgment, date obtained:**

**4. Total amount of claim at time case filed:** $414,778.49
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach an itemized statement of all interest or additional charges.

**5. Secured Claim.**
X Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
X Real Estate   ☐ Motor Vehicle
☐ Other

Amount of arrearages and other charges at time case filed included in secured claim, if any:

$48,100.40*

* Arrearages, as set forth in Schedule "A" attached. Plus accruing interest, late charges.

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $
Specify the priority of the claim:
☐ Wages, salaries, or commissions up to $4,650* earned within 90 days before filing of the bankruptcy petition, or cessation of the debtor's business, whichever is earlier- 11 U.S.C.§507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
☐ Up to $2,100* of deposits toward purchase, lease or rental of property Or services for personal, family or household use- 11 U.S.C. §507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child- 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8)
☐ OTHER-Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/98 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

(This space for court use)

Date: October 12, 2009

*signature*
WILDE & ASSOCIATES, counsel for creditor

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

James D. Thomas
CASE NO: 09-26870-BAM

## SCHEDULE "A"

**PRINCIPAL BALANCE $414,778.49**

**ARREARAGES**

| | |
|---|---|
| 15 Monthly payments at $2,902.36 (Jul 1, 2008-Sep | $43,535.40 |
| Accrued late charges | $1,310.10 |
| Attorney foreclosure fees and costs | $2,664.90 |
| Appraisal fees | $0.00 |
| Property preservation fees | $165.00 |
| Property inspection fee | $15.00 |
| Escrow shortage | $410.00 |
| TOTAL* | $48,100.40 |

*TOTAL GOOD THROUGH September 9, 2009

***NOTE: THE TOTAL DEBT IS THE SUM OF THE ARREARAGES AND THE PRINCIPAL BALANCE, LESS ANY PORTION OF THE ARREARAGES WHICH UNDER THE TERMS OF THE LOAN WOULD BE APPLIED AS A REDUCTION OF THE PRINCIPAL.

**EXHIBIT "C"**

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** JAMES D THOMAS  **Case Number:** 0926870

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Wells Fargo Bank, N.A.

**Name and address where notices should be sent:**
Wells Fargo Bank, N.A.
Home Equity Group
X2303-01A
1 Home Campus
Des Moines, IA 50328-0001

Telephone number: 1-800-241-0039

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

**Filed on:**_____

**Name and address where payment should be sent (if different from above):**
Wells Fargo Operations Center
P.O. Box 31557 MAC B6955-01B
Billings, MT 59107

Telephone number: 1-800-241-0039

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $78,422.86

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money Loaned
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 172463090

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:** 1011 SIDEHILL WAY LAS VEGAS, NV 89110

**Value of Property:** $209,900.00 (estimated)   **Annual Interest Rate** 8.875%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $6,458.76   **Basis for perfection:** Mortgage/Deed of Trust

**Amount of Secured Claim:** $78,422.86*   **Amount Unsecured:** $0.00

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

FOR COURT USE ONLY

**Date:** 10/08/2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Teresa Warnock
Bankruptcy Representative

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

* or as allowed under Section 506

## EQUITY CLAIMS WORKSHEET

Case Name: JAMES D THOMAS    Case Number: 0926870

### Instructions:

1. Attach worksheet to the Official Proof of Claim Form B10.
2. Compute the claim as of the date on which the Debtor filed the petition. DO NOT include interest or charges that accrue after the petition date in the computation of the debt. (A claim that accrues interest <u>after</u> the petition date for payments on a secured debt not made when due after the petition date should be presented in a separate proof of claim dealing only with post-petition claims.).
3. Provide the requested information in the blanks below. Principal Balance and Accrued Interest MUST NOT include unearned interest. The completion and filing of this form does not prejudice a creditor's right to contest whether the creditor's interest in the property is adequately protected by payments made post-petition.

| A | Past Due Amount as of Petition Date | $6458.76 |
|---|---|---|
| B | Late Charges as of Petition Date | $0.00 |
| C | Collateral Protection Insurance/ Insurance | $0.00 |
| D | Overlimit Amount | $0.00 |
| E | Other Charges | $0.00 |
| F | Total Amount of Arrearage (Sum of A-F) | $6458.76 |
| G | Post Petition Principal Balance | $71964.10 |
| H | Total Claim as of Petition Date (Sum of G-I) | $78422.86 |
| I | Monthly Payment Amount | Variable |
| J | Number of Installments past due as of Petition Date | 16 |
| K | Contractual Annual Interest Rate (APR) | 8.875% |
| L | Value of Collateral | $209,900.00 |

\* If Claim includes interest or other charges in addition to the principal amount of Claim, attach an itemized statement of interest or charges.

**Note:** Interest will continue to accrue on the unpaid principal balance ONLY.

Exhibit A

# CERTIFICATE OF SERVICE

On October 19, 2009, I served the following document(s)

<u>Notice of Hearing on Motion To Value Collateral, "Strip Off" and Modify Rights of WELLS FARGO BANK Pursuant to 11 U.S.C §506(a) and §1322; Motion To Value Collateral, "Strip Off" and Modify Rights of WELLS FARGO BANK Pursuant to 11 U.S.C. §506(a) and §1322.</u>

2.  I served the above-named document(s) by the following means to the persons as listed below:

**x**  a.  ECF System (You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary.)

Trustee Kathleen Leavitt: courtsecf3@las13.com

**x**  b.  United States mail, postage fully prepaid, addressed as follows: (List persons and addresses. Attach additional paper if necessary.)

Certified Mail:

WELLS FARGO BANK, N.A.
Agent, Officer or Managing Partner
Home Equity Group
X2303-01A
1 Home Campus
Des Moines, IA 50328-0001

Regular Mail:

JAMES D. THOMAS
1011 Sidehill Way
Las Vegas, NV  89110

o  c. Personal Service (List persons and addresses. Attach additional paper if necessary)

I personally delivered the document(s) to the persons at these addresses:

o  For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

o  For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

o  d. By direct email (as opposed to through the ECF System) (List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission,.any electronic message or other indication that the transmission was unsuccessful.

1   o   e. By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

o   f. By messenger (List persons and addresses. Attach additional paper if necessary) I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must he attached to this Certificate of Service,).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: October 19, 2009

_____
An employee of Aaron & Paternoster, Ltd